**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LORENZO URIAS-VARGAS; et al., | Nos. 18-71006 |
| | 18-73444 |
| Petitioners, | |
| | Agency Nos. A208-553-521 |
| v. | A208-463-285 |
| | A208-463-286 |
| WILLIAM P. BARR, Attorney General, | A208-463-287 |
| Respondent. | |
| | MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2019[**]

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

Lorenzo Urias-Vargas, his wife, and their two children, natives and citizens

of El Salvador, petition for review of the Board of Immigration Appeals' ("BIA")

order dismissing their appeal from an immigration judge's ("IJ") decision denying

their application for asylum, withholding of removal, and relief under the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT") (No. 18-71006) and the BIA's order denying their motion to reconsider (No. 18-73444). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We review de novo questions of law, and we review for abuse of discretion the BIA's denial of motions to reconsider. *See Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petitions for review.

Substantial evidence supports the agency's adverse credibility determination based on an inconsistency in Urias-Vargas's testimony as to the number of times he paid extortion money to the gang and inconsistencies between Urias-Vargas's credible fear interview, asylum declaration, and testimony as to the gang's demands and the harm he suffered. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination reasonable under "the totality of circumstances"). Urias-Vargas' explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). Thus, in the absence of credible testimony, in this case, we deny the petition for review as to petitioners' asylum and withholding of removal claims.

In light of this disposition, we need not reach petitioners' contentions regarding their proposed social group. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

Substantial evidence also supports the agency's denial of petitioners' CAT claim because it was based on the same evidence found not credible and petitioners do not point to any other evidence in the record that compels the conclusion that it is more likely than not they would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Shrestha*, 590 F.3d at 1048-49.

We deny petitioners' opposed motion for summary disposition (Docket Entry No. 10) and deny their motion for leave to file supplemental briefing (Docket Entry No. 17). *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (initial notice to appear need not include time and date information to vest jurisdiction in the immigration court).

The BIA did not abuse its discretion in denying petitioners' motion to reconsider where the motion failed to identify any error of fact or law in the BIA's prior order. 8 CFR § 1003.2(b)(1) (a motion to reconsider must specify errors of fact or law in a prior decision); *see also Karingithi*, 913 F.3d at 1160-62. Thus, the

government's motion for summary disposition (Docket Entry No. 28) is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir. 1982) (stating standard).

**PETITIONS FOR REVIEW DENIED.**